

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VALERIE LYNN ALLEN,

    Plaintiff,

v.

T. MORELAND, Correctional Officer, OHAR, Correctional Officer, M. TAYLOR, Correctional Officer, and KEPHART, Correctional Officer,

    Defendants.

**DECISION AND ORDER**

6:16-CV-06539 EAW

Plaintiff Valerie Lynn Allen ("Plaintiff") filed this action on August 4, 2016, alleging that Defendants violated her constitutional rights. (Dkt. 1). On March 2, 2017, the Court issued a Decision and Order that, among other things, granted Plaintiff's motion for leave to proceed *in forma pauperis*, and directed the United States Marshal to serve copies of the summons and complaint upon Defendants if Plaintiff did not file an amended complaint by April 14, 2017. (Dkt. 5). Plaintiff did not file an amended complaint by April 14, 2017.

The Court notes that the text appearing on the electronic docket at entry six erroneously states that defendant Kephart was served with a summons. (Dkt. 6). However, a review of the proof of receipt and return documents reveals that the summons was mailed out and then returned unexecuted. (*Id.* at 1-2). Indeed, no summons was successfully served upon Defendants. (*See id.* at 1-4; Dkt. 7). Furthermore, aside from

-1-

updates made by the Clerk's Office to Plaintiff's address based on the New York State Department of Corrections and Community Supervision's ("NYSDOCCS") on-line inmate locator, there has been no additional docket activity since December 8, 2017.

On June 13, 2018, the Court issued an Order to Show Cause directing Plaintiff to set forth in writing by July 6, 2018, through a sworn affidavit her intention to continue to pursue this action, as well as the reasons that the Court should not dismiss the case for failure to prosecute. (Dkt. 8). The June 13th Order also informed Plaintiff that failure to comply with the Order would result in the dismissal of her action. (*Id.* at 3).

Plaintiff did not submit the sworn affidavit required by the June 13th Order or otherwise contact the Court.

"The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Dumpson v. Goord*, No. 00-CV-6039 CJS, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004). The failure to comply with this requirement is grounds for the dismissal of the action. *See, e.g., Dong v. United States*, No. 02 CIV. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that [the plaintiff] has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim."); *Ortiz v. United States*, No. 01 CIV. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing the complaint where the "[p]laintiff has not even fulfilled his

minimal obligation to keep the pro se office of this Court informed of his change of address").

Here, the Court's mailing of the June 13th Order was initially returned as undeliverable. (Dkt. 9). It was only after Plaintiff's address was updated by the Clerk's Office to reflect Plaintiff's current residence at the Albion Correctional Facility that the June 13th Order was delivered to Plaintiff. (Dkt. 10). A review of the NYSDOCCS inmate on-line locator reveals that this is, indeed, Plaintiff's current address.

However, the Court's second attempt to reach Plaintiff was returned to the Court as well, and carried a notation indicating that Plaintiff had refused receipt of the Order. (*Id.*). Accordingly, Plaintiff cannot avoid dismissal on this ground by claiming the benefit of blissful ignorance "since [she] [her]self was responsible for the Court's inability to notify [her]." *Dumpson*, 2004 WL 1638183, at *3; *see Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (noting that even though the plaintiff never received a copy of the order that was mailed to her, the fault could "only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address"). Therefore, based upon Plaintiff's failure to maintain an updated address with the Court and her refusal to accept receipt of the Court's June 13th Order, the Court finds that dismissal is warranted. However, even absent consideration for the Plaintiff's failure to keep her mailing address up-to-date, the Court would still find that dismissal for failure to prosecute is an appropriate sanction.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order . . . ." Fed. R. Civ. P. 41(b). While Rule 41 "refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*." *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 491 (W.D.N.Y. 2015) (quotation omitted). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Id.* (quotation omitted).

Before dismissing a case under Rule 41(b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation omitted). Generally, no single factor in the analysis is dispositive. *Id.* The Second Circuit has "indicated that a pro se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Id.* (quotation omitted). Weighing the five factors listed above, the Court finds that dismissal for failure to prosecute is warranted.

First, it has been twenty days since Plaintiff's response to the June 13th Order was due. The significance of Plaintiff's failure to provide any response is compounded by the fact that she has failed to submit any written communication to the Court since September 6, 2016. (*See* Dkt. 4). Indeed, it appears that Plaintiff has affirmatively *refused* to accept the delivery of the Court's June 13th Order, (Dkt. 10), which suggests that Plaintiff has no intention of ever submitting a response. The Court also notes that Plaintiff did not file an amended complaint by the deadline provided in the Court's March 2, 2017, Decision and Order. (Dkt. 5). Accordingly, Plaintiff's failure to timely respond to the Court's Order to Show Cause is viewed in light of her pattern of dilatory conduct. *See Flores v. Massanari*, No. 01CIV0517LAKRLE, 2001 WL 1029402, at *1 (S.D.N.Y. Sept. 5, 2001) (dismissing the action for failure to prosecute after a month had passed since the plaintiff's response to the court's order was due).

Second, Plaintiff was on notice that her failure to comply with the June 13th Order would result in dismissal. (Dkt. 8 at 3). The June 13th Order stated that Plaintiff's failure to set forth in writing through a sworn affidavit her intention to continue to pursue her action, as well as the reasons her case should not be dismissed, would result in the dismissal of her case. (*Id.*). Despite this warning, the Court has not received any contact, let alone a written response, from Plaintiff. *See Dumpson*, 2004 WL 1638183, at *2 ("*Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the

disregard of a judge's plain directives.'" (quoting *Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996))).

Third, Plaintiff's case has been unnecessarily delayed because of her failure to take any action to proceed. Nothing indicates that Plaintiff intends to participate in her case in the future, as it has been almost 15 months since the Court's issuance of its March 2, 2017, Decision and Order, granting Plaintiff leave to proceed *in forma pauperis*. (Dkt. 5). Plaintiff has since displayed no meaningful interest or engagement in prosecuting her action. *See Crawn v. Town of Wallkill*, No. 07 Civ. 1032(GAY), 2013 WL 3227216, at *2 (S.D.N.Y. June 26, 2013) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience." (quotation and citation omitted)); *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("Although the district court did not identify any specific prejudice to the federal defendants resulting from [plaintiff's] failure to prosecute, prejudice to defendants resulting from unreasonable delay may be presumed." (quotation omitted)); *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law. . . .").

Fourth, balancing the Court's own interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard weighs in favor of dismissal. Plaintiff has already received an opportunity to proceed on the merits, and the June 13th Order gave Plaintiff an opportunity to continue to pursue her claims. Plaintiff did not

avail herself of this opportunity. It "is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Crawn*, 2013 WL 3227216, at *2 (quotation omitted).

Fifth, while the Court has considered other sanctions, a sanction less extreme than dismissal would not be effective under the circumstances of this case, where Plaintiff has not complied with the Court's June 13th Order, and has failed to communicate with the Court in over six months, notwithstanding the June 13th Order notifying her of certain dismissal.

Accordingly, for the foregoing reasons, this action is dismissed with prejudice pursuant to Rule 41(b). The Clerk of Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: July 26, 2018
Rochester, New York